In the Matter of KATHLEEN CORNELL, Appellant, *v.* ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Respondents.

Third Department, December 5, 1974.

*Broome Legal Assistance Corp. (Mona R. Nedlik* of counsel), and *Greater Up-State Law Project Monroe County Legal Assistance Corp. (K. Wade Eaton* of counsel), for appellant.

*Thomas B. Oakes* for Carroll A. Smythe, respondent.

*Louis J. Lefkowitz, Attorney-General (Eileen A. Sullivan* and *Ruth Kessler Toch* of counsel), for Abe Lavine, respondent.

MAIN, J.    Petitioner Kathleen Cornell, is a substantially overweight individual who has also had various medical problems including six miscarriages during a five-year period and phlebitis.    Since obesity was seen as a potential factor in her infertility, she consulted Dr. Raul Grinberg who prescribed for her the drug Ionamine, an appetite-depressant, because " [I]t is rather important that the patient looses [*sic*] weight in order to be completely well and to be able to return to a normal life."    Agreeing with this diagnosis, Dr. Frank Spaeth, who was treating the phlebitis condition, stated that " weight reduction would help to improve her condition."    When petitioner sought to fill the prescription on her Medicaid card, however, the pharmacy refused on the ground that Ionamine was not covered under the Medicaid program and the local Department of Social Services, citing 18 NYCRR 505.3 (d) (1), which precludes reimbursement under Medicaid for amphetamine-like drugs such as Ionamine to be used in the treatment

of obesity, concurred in the pharmacy's decision. On appeal to the State Department of Social Services, the commissioner also denied the benefits to petitioner, but on the alternative ground that neither she nor her physician ever presented to the local agency any treatment plan for the use of the drug in treating a condition other than obesity as required by 18 NYCRR 505.3 (d) (2).

Thereafter, the instant proceeding was commenced and Special Term dismissed the petition as noted above. In so doing, it rejected the commissioner's procedural ground for the denial of the benefits and, instead, decided the issue on the merits.

The basic question presented on this appeal is whether petitioner was justifiably denied Medicaid benefits for the purchase of the Ionamine, and we find that she was. Although the specific and immediate effect of the drug was hopefully a weight loss for the petitioner, an examination of the record in this case makes it abundantly clear that the ultimate reason for the prescription was the desired improvement in petitioner's phlebitis condition and in the problems relating to her pregnancies. Accordingly, had she followed the procedures of the Department of Social Services, which were lawfully established under its policy-making (Social Services Law, § 17, subd. [a]) and rule-making (Social Services Law, § 20, subd. [3], par. [d]) powers and sought the prior approval of the agency's medical director as provided in 18 NYCRR 505.3 (d) (2), it is our opinion that a question would have been presented to the director as to whether she would have been entitled to the benefits for the treatment of her conditions other than obesity. Since she did not avail herself of this remedy, however, the commissioner properly denied her the benefits.

The judgment should be modified, on the law and the facts, without costs, insofar as it dismisses the petition on the merits, and petition dismissed without prejudice to the petitioner's future application for approval by the agency's medical director of a plan of treatment pursuant to 18 NYCRR 505.3 (d) (2).

HERLIHY, P. J., SWEENEY, KANE and REYNOLDS, JJ., concur.

Judgment modified, on the law and the facts, without costs, insofar as it dismisses the petition on the merits, and petition dismissed without prejudice to the petitioner's future application for approval by the agency's medical director of a plan of treatment pursuant to 18 NYCRR 505.3 (d) (2).